STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. GARY L. DOLAN, RESPONDENT.

581 N.W. 2d 892

Filed July 17, 1998. No. S-96-716.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, and MCCORMACK, JJ.

PER CURIAM.

Respondent, Gary L. Dolan, was admitted to the practice of law in the State of Nebraska on June 27, 1972. Thereafter, he engaged in the private practice of law in Lancaster County.

On June 13, 1996, respondent was found guilty by a jury in the U.S. District Court for the District of Nebraska of the felony offenses of bankruptcy fraud and conspiracy to commit bankruptcy fraud, 18 U.S.C. §§ 2, 152, and 371 (1988), which are crimes involving moral turpitude. On July 2, this court entered an order temporarily suspending respondent from the practice of law until final disposition of the disciplinary charges against him. The jury verdict against respondent was affirmed by the U.S. Court of Appeals for the Eighth Circuit on July 24, 1997.

On April 29, 1998, the Committee on Inquiry of the First Disciplinary District filed formal charges against respondent, alleging that his criminal conviction constituted a violation of his oath of office as an attorney and Canon 1, DR 1-102(A)(1), (3), and (5), of the Code of Professional Responsibility, as adopted by the Nebraska Supreme Court. DR 1-102 states in pertinent part: "(A) A lawyer shall not: (1) Violate a Disciplinary Rule. . . . (3) Engage in illegal conduct involving moral turpitude. . . . (5) Engage in conduct that is prejudicial to the administration of justice." Respondent was served with a copy of the formal charges against him on May 27. Pursuant to Neb. Ct. R. of Discipline 10(H) (rev. 1996), "[t]he answer of the Respondent shall be filed within thirty days after service of summons and a copy of the Formal Charge . . . ." The time for respondent to answer has passed, and no answer has been filed.

Upon due consideration of the pleadings in this matter, this court finds that respondent should be disbarred and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

WRIGHT and STEPHAN, JJ., not participating.